### SARAH M. POWELL *vs.* HUMPHREY S. JONES.

Where a purchaser of land, after having been in possession of the premises for some time, gave the vendor a note for the purchase money, dated back to the time when his deed was executed, bearing interest from that time; *Held* that without some positive evidence to establish that this was intended as a cover for usury, such an inference could not be drawn.

Where usury is set up as a defense to a promissory note, the burthen of proof is on the defendant; and unless he fully establishes the making of a usurious contract, he can not succeed in his defense.

Where a creditor claims a larger sum to be due to him than the debtor admits, but regards the matter as open for negotiation, and after some discussion, he finally yields to the debtor's claim, and agrees to accept a lesser sum, and takes a promissory note from the debtor, for that amount, he will be bound by the settlement; especially in a case where he does not ask for a reformation of the instrument on the ground of mistake, and for a correction of the error in the settlement.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff, against her brother, the defendant, to recover the amount of a promissory note, dated April 2, 1856, whereby the defendant promised to pay to the plaintiff $484.66 with interest, three years after date. The execution of the note was admitted by the defendant, in his answer. The only defense interposed was that of usury. It was alleged that the note was executed and delivered in pursuance of a corrupt and usurious agreement, on the 1st of May, 1857, for the sum of $29.87 greater than the sum which would have been due the plaintiff on the 1st day of June, 1858, and was dated the 2d day of April, 1856, for the purpose of giving the plaintiff a greater sum than the rate of seven per cent for the forbearance and extension of the time of payment thereof from the 1st day of June, 1858, to the 2d day of April, 1859. The action was referred to Ira D. Shafer, Esq. to hear and decide, who made his report, finding the following facts: That on the 19th day of April, 1855, Humphrey P. Jones, of the town of Lloyd, in the county of Ulster, died intestate, leaving him

surviving six children, viz. David Jones, Hugh Jones, Sarah M. Powell, (the plaintiff,) Humphrey S. Jones, (the defendant,) Catharine Ann Knapp, and George C. Jones, and his widow, Esther Jones. The said Humphrey P. Jones, at the time of his death, was seised and possessed of a farm, in the said town of Lloyd, together with some personal property. That all the children of the said Humphrey P. Jones (except George,) on or about the 28th day of May,'1855, entered into a written agreement, whereby they agreed to convey to the said Humphrey S. Jones, for the consideration of $6000, the said farm and personal property. That the said Humphrey S. Jones was to pay one half of the debts of said Humphrey P. Jones, and the other half was to be paid by the other five children of the intestate in equal proportions. That the whole amount of the debts was $600. That at the time of the signing of said agreement by the plaintiff the time for the payment of her share by the defendant was not specified therein; but the time for said payment (which in said agreement is fixed on the 1st day of June, 1858,) was afterwards inserted therein without the plaintiff's knowledge, or any authority from her; and that by said agreement the widow of said Humphrey P. Jones was to have $2000 as her dower, free from all charges whatsoever. That the said David Jones refused to sign said agreement unless he could receive as his share the sum of $700; and the plaintiff and Catharine A. Knapp, for the purpose of inducing him to do so, entered into an agreement, dated May 28, 1855, by which they set over to said David, from their respective shares in said estate, an amount sufficient to make, when added to his share, the sum of $700 as his share therein, after all the debts against the estate were paid. That the amount so agreed to be paid by the plaintiff was $17. That a deed was thereupon executed and delivered to the said Humphrey S. Jones, by the widow and children, dated April 2, 1856, conveying to him the said farm. That in May, 1857, the

Powell *v.* Jones.

defendant gave to the plaintiff the note in suit. That the amount of said note was reached as follows :

| | | |
|---|---:|---:|
| Amount coming to the plaintiff (one sixth) after deducting widow's dower from said $6000, . . . . . . . | | $666 66 |
| Share of the defendant to be paid by the plaintiff deducted, . . . . . . . . . . | $60 00 | |
| Price of oxen bought by the plaintiff's husband, of the defendant, and deducted with her consent, . . . . . . | 105 00 | |
| Amount agreed to be deducted from the plaintiff's share to make David's share $700, . . . . . . . . . . . | 17 00 | |
| | | 182 00 |
| | | $484 66 |

That neither the date, nor the amount of the note was fixed as therein on condition or in consideration of any forbearance on the part of the plaintiff in extending the time of payment of the amount due her from the defendant ; and that no greater sum than seven per cent per annum was charged or allowed thereon. The referee accordingly reported in favor of the plaintiff, for the amount of the note and interest. And judgment being entered upon his report, the defendant appealed.

*T. R. Westbrook*, for the appellant.

*J. E. Van Etten*, for the respondent.

*By the Court*, MILLER, J. The usury alleged by the defendant consisted, first, in dating the note as of the same time as the deed executed by the plaintiff and the heirs of Humphrey P. Jones deceased to the defendant ; second, in including in the note the sum of twenty-nine dollars more than was authorized under the agreement made by the plaintiff and Catharine A. Knapp, by which, in consideration of David

Jones entering into and signing the article of agreement for the sale of the farm and the settlement and distribution of the estate, they agreed to release and set over to the said David Jones, out of their equal one sixth part, a sufficient amount so that when added and included with said Jones' one sixth part, after the payment of all the debts, it would make up seven hundred dollars for said Jones' share.

As to the date of the note, it appears to have been agreed upon at the time it was made and delivered. At the time when the plaintiff signed the agreement, no time was fixed for the payment of her share, and the subsequent insertion of a time was without her knowledge, consent, or authority, and would not be binding upon her. Although there is some evidence introduced to prove that the plaintiff was not to have interest, yet she swears it was understood by her and the defendant that her share was to draw interest from the date of the deed. The note was dated back, and provided for interest by the assent of both the parties; and without some positive evidence to establish that this was intended as a cover for a usurious transaction, such an inference can not be drawn. Even if there be a conflict of testimony, on this point, as the referee has found against the defendant, it is conclusive on the subject.

The defendant had been in possession of the farm for some time prior to the execution of the note, and there would seem to be a propriety in dating the note on the same day as the deed.

As the contract provided no time of payment, at the time it was signed by the plaintiff, it was open for negotiation and arrangement. It is evident that the plaintiff was not aware that any alteration had been made, and in claiming interest she did not intend to demand more than she was entitled to. In order to constitute usury, both parties must be cognizant of the facts which make out the usurious contract. (*Aldrich* v. *Reynolds,* 1 *Barb. Ch. R.* 43.) Such clearly was not the

case in reference to the date of the note, and I think usury can not be established, on that ground.

Was there usury in allowing the defendant seventeen dollars or thereabouts, instead of forty-six dollars and sixty-seven cents, which it is now claimed should have been allowed?

By the agreement entered into by the plaintiff and Catharine Knapp, David Jones' share was to be the sum of $700. Jones was liable, under the agreement, to pay his share of one half the debts, which the evidence shows was $300, making $60 for him to pay. Deducting this sum from Jones' share, and it would leave $666.66, and a deficiency of $93.34, to be made up by the plaintiff and Catharine Knapp. The plaintiff paid only $17, towards this amount, instead of $46.67, which was the amount due under the agreement with Jones.

It does not exactly appear how the amount was fixed at $17, but there is evidence to show, and it is an established fact in the case, that this amount was agreed upon and allowed by the plaintiff, and the same amount by Mrs. Knapp for David Jones' share.

The defendant testifies that at the time when the note was made and delivered, he claimed that $46.67 was coming to David under the agreement to make up his share of $700. That the plaintiff claimed that David did not desire it, and that the plaintiff must call it $17, instead of $46.67, and she would give him a year more to pay the amount coming to him, by the agreement. The defendant objected to the note being for more than he owed, and the plaintiff said she was going to give him a good chance to pay it, and she must have that for waiting. The plaintiff, on the other hand, swears that nothing was said about the $46.67 to be paid out of her share on account of David, and that all the defendant claimed was $16.66.

There is no direct contradiction between the parties, as to whether the defendant claimed any more than was allowed

him on account of David's share. The referee has found that the sum of $17 was agreed to be paid by the plaintiff, and it was thus settled. Under such circumstances, with the proof at least doubtful whether the amount was fixed for the purpose of making a usurious contract, I think that the defendant has failed to make out a corrupt and usurious agreement which would vitiate the note. The burthen of proof was upon him, and unless it is fully established he can not succeed with such a defense. Even if the statement of · the defendant be correct and uncontradicted, in a case where the parties appeared to be negotiating in reference to an arrangement of a contract for the sale of real estate, I have great doubts whether usury is satisfactorily established. The defendant's evidence does not show very satisfactorily how the debts were paid, or what they amounted to, in detail. He merely states the aggregate ; and although he insisted, as he testifies, upon the larger sum, yet he seems to have regarded the matter as open for negotiation, and finally yielded to the plaintiff's claim. In fact, he appears to have settled with Mrs. Knapp, who was liable to pay as much, upon the same basis.

As it was assumed, at the time the note was given, that the plaintiff was to settle with the defendant for the amount secured to David Jones under the contract, there is no force in the position taken by the plaintiff that she was under no legal obligation to pay the defendant. The defendant was a party to the first contract, and by the last one the plaintiff released and set over to David Jones out of her share, a portion, so as to make up $700 for him after all the debts were paid. I think the legal effect of this was, to allow a deduction from the plaintiff's share. But whether such was the arrangement or not, the parties agreed to it at the time the note was given, and the plaintiff is not now in a position to repudiate that arrangement.

I am entirely satisfied that there was no usury in the making of the note. At most it was an error in not allowing

Powell *v.* Jones.

the defendant for the full amount due him ; and the question arises whether this error is now open for adjustment and correction.

The evidence is conclusive that the debts were $600, which shows that the amount allowed was less than it should have been, and that there must have been some mistake or misapprehension on the settlement, if there was not a usurious contract. It is true that the amount of debts was not fixed and adjusted by the contract itself. At the time, it was not determined what the debts were, and it was left open to be ascertained afterwards. The plaintiff and the defendant undertook to settle all matters between them, and the result of the settlement was the note in question. Although the defendant claims that he surrendered a portion of his claim for the purpose of getting a longer time, this is denied by the plaintiff. It would appear, then, that the defendant voluntarily assented to the lesser amount, and the note was made accordingly. As the defendant has agreed to the lesser sum, and upon a final settlement assumed that sum was the correct amount, I am inclined to think that he is bound by this settlement. More especially should this be the rule when the defendant does not ask a reformation of the instrument on the ground of mistake, and a correction of the error in the settlement.

I have entertained some doubt whether the amount of the alleged error should not be deducted from the recovery ; but as the parties have agreed to the arrangement made, and the note was executed under such an agreement, I do not well see how the settlement can be disturbed. At the time the defendant gave the note, he should have insisted upon his rights. As he did not do so, and chose to accede to the plaintiff's claim, as to the amount, and to execute his note to her upon that basis, I think he is bound by it.

The judgment entered upon the referee's report must therefore be affirmed, with costs.

[ALBANY GENERAL TERM, May 2, 1864. *Peckham, Miller* and *Ingalls,* Justices.]